# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| DALLAS C. POOLE, SR., <br> Appellant, | DOCKET NUMBER <br> DC-0752-18-0514-I-1 |
| v. | |
| DEPARTMENT OF THE NAVY, <br> Agency. | DATE: April 15, 2024 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Dallas C. Poole, Sr., Havelock, North Carolina, pro se.

Denise Gillis, Esquire, and Evan Gordon, Quantico, Virginia, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed the agency's 20-day suspension action. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to clarify and supplement the administrative judge's analysis of the charge of failure to follow gift acceptance rules, we AFFIRM the initial decision.

On petition for review, the appellant challenges the administrative judge's findings regarding the agency's charges of misconduct, the existence of nexus, and the reasonableness of the imposed penalty. Petition for Review (PFR) File, Tab 3. Further, he argues that the agency and the administrative judge erroneously mixed up his case with that of the Command Advisor and that the former Command Judge Advocate (CJA) Captain (Capt.) S.A. should not have been allowed to testify as a witness. *Id*. at 6, 11.

After considering the appellant's arguments on the merits of the appeal, we find that they fail to provide a reason to disturb the initial decision. Initial Appeal File (IAF), Tab 24, Initial Decision (ID) at 3-32. Specifically, we find that the appellant has not provided a sufficiently sound reason to overturn the administrative judge's demeanor-based credibility determinations because they are consistent with the record. ID at 11-12; *see Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002) (holding that the Board must give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing).

We modify the initial decision, however, to clarify and supplement the administrative judge's analysis of the charge of failure to follow gift acceptance rules, as follows. The administrative judge found that the agency proved the overall charge without specifying which specifications she was sustaining. ID at 13. Based on her analysis and factual findings, we interpret the initial decision as implicitly finding that the agency proved specifications 1-2. ID at 4-13. Further, the administrative judge did not address whether the appellant violated gift acceptance rules by instructing donors to make checks out to a Marine Corps Community Services (MCCS) account, as alleged in part of specification 1. IAF, Tab 6, Subtab 4d at 1. SECNAV Instruction 4001.2J provides that donors should make checks payable to the "Department of the Navy." IAF, Tab 5 at 22. This directive was communicated in a January 23, 2015 ethics training by the former CJA Major (Maj.) M.E. IAF, Tab 6, Subtab 4e, Enclosure (Encl.) 16 at 1, 17. In a December 13, 2016 signed statement, the appellant asserted that "supporters desiring to send donations to the battalion are instructed to make donations to [MCCS]" and that "[a]ll other donations that are not properly written to MCCS will be returned to donor." *Id.*, Encl. 45 at 1. Therefore, we find that the agency proved by preponderant evidence that the appellant instructed donors to make checks out to "MCCS." Because we agree with the administrative judge's finding that the agency proved the remaining allegations of specification 1, we find that she properly sustained specification 1. ID at 13; IAF, Tab 6, Subtab 4d at 1.

Further, we find that the appellant's allegations of errors involving the Command Advisor and his objection to Capt. S.A. as a witness do not provide a basis for review. Specifically, the appellant asserts the following errors: the agency uploaded the Agency File for the Command Advisor's appeal in his appeal; the deciding official stated in his *Douglas* factors[2] worksheet that specification 2 of charge 1 is proved because the Command Advisor facilitated

---

[2] In *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981), the Board articulated a nonexhaustive list of twelve factors that are relevant in assessing the appropriateness of an agency-imposed penalty for an employee's misconduct.

the acceptance of checks over $1,500; the initial decision described part of his position title as "Command Advisor"; and the initial decision discussed Maj. M.E.'s reference to the Command Advisor in a written statement. PFR File, Tab 3 at 6; ID at 1-2, 8; IAF, Tab 6, Subtab 4e, Encl. 59 at 1-2, Tab 7, Tab 13 at 9, Tab 14 at 16. The appellant does not allege, and the record does not indicate, that these alleged errors have harmed his substantive rights or affected the outcome of the case. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (finding that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision). In particular, the record shows that the agency filed a corrected Agency File 1 month after he filed the initial appeal. IAF, Tabs 1, 5-6. Moreover, we find that the administrative judge did not abuse her discretion in approving Capt. S.A. as a witness whose testimony would be relevant, material, and nonrepetitious. IAF, Tab 20 at 3; *see Fritz v. Department of Health and Human Services*, 87 M.S.P.R. 287, ¶ 15 (2000) (observing that administrative judges have broad discretion in regulating the proceedings before them); *see also* 5 C.F.R. § 1201.41(b)(8), (10).

Accordingly, we affirm the 20-day suspension action.

## NOTICE OF APPEAL RIGHTS[3]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4] The court of appeals must <u>receive</u> your

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

> http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD:                    _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.